UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE FRANKLIN,

          Plaintiff,

v.

TARGET CORPORATION,

          Defendant.
_____/

Case No. 2:22-cv-10817

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT [21] AND DENYING
MOTION TO STRIKE [20] AND MOTION TO ADJOURN [22] AS MOOT**

Plaintiff Yvette Franklin sued Defendant Target Corporation in Wayne County Circuit Court for negligence and premises liability. ECF 1-2. Defendant removed the case. ECF 1. Defendant then moved for summary judgment and argued that Plaintiff's negligence claim was barred by Michigan law and that her premises liability claim should be dismissed under Rule 56(a). ECF 21. The parties briefed the motion. *See* ECF 24; 26. For the following reasons, the Court will grant the motion for summary judgment. The Court will also deny the pending motion to strike and motion to adjourn the scheduling order, ECF 20; 22, as moot.[1]

## BACKGROUND

Plaintiff has lived in Michigan for fifteen years. ECF 24, PgID 276. She works for Amazon, and her job requires her to travel to many of Defendant's locations. *Id.*

---

[1] Based on the parties' briefing, the Court will resolve the motions on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

After driving to Defendant's location in Woodhaven, Michigan on January 25, 2021 Plaintiff "opened the vehicle's door, stepped out, and fell to the ground." *Id.* at 276–77. Plaintiff did not look down before she stepped out of the car. ECF 21-2, PgID 191. After the fall she "was able to see ice on the ground." ECF 24, PgID 277. She could not recall the exact size of the ice patch or whether she could have stepped over it. *Id.* Plaintiff did recall, however, that she "had used her windshield wipers that day." *Id.* The parties agreed that the "climatological data speaks for itself," *id.* at 278, and the climatological data reveals that it was below freezing all day on January 25, 2021. ECF 21-3, PgID 231.

"Plaintiff did not mention the fall or the ice in the parking lot to anyone from [Defendant's Woodhaven location]." ECF 24, PgID 278. Two weeks after Plaintiff's fall in Defendant's parking lot, she was involved in a car accident. *Id.* Ten months after the car accident, Plaintiff sued Defendant for negligence and premises liability. *Id.*

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

The Court will first grant summary judgment to Defendant on the ordinary negligence claim. After, the Court will grant summary judgment to Defendant on the premises liability claim.

I.  Ordinary Negligence

Defendant argued that it was "entitled to summary judgment to the extent [P]laintiff is attempting to assert an ordinary negligence claim." ECF 21, PgID 143. Plaintiff "d[id] not oppose Defendant's request to dismiss [the] ordinary negligence claims." ECF 24, PgID 281. The Court will therefore grant the motion for summary judgment and dismiss the ordinary negligence claim.

II.  Premises Liability

The Court has subject-matter jurisdiction over the present slip-and-fall case based on diversity of citizenship under 28 U.S.C. § 1332. *See* ECF 1, PgID 2–3. The Court must therefore apply Michigan substantive law to resolve the summary judgment motion. *State Auto Prop. & Cas. Ins. v. Hargis*, 785 F.3d 189, 195 (6th Cir. 2015) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

To establish a premises liability claim, "a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v. Dart Props., Inc.*, 270 Mich. App. 437, 440 (2006) (citation omitted). In Michigan, "two general precepts" guide the law of premises liability. *Hoffner v. Lanctoe*, 492 Mich. 450, 459 (2012). "First, landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land. Second, . . . landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land." *Id.* "[B]oth the possessors of land and those who come onto it [must] exercise common sense and prudent judgment when confronting hazards on the land." *Id.* And although a possessor "exercise[s] control over the premises," invitees "assume personal responsibility to protect themselves from apparent dangers." *Id.* at 459–60.

A land possessor's duty to exercise reasonable care "does not extend to dangerous conditions that are open and obvious." *Est. of Livings v. Sage's Inv. Grp.,*

4

*LLC*, 507 Mich. 328, 337 (2021) (citation omitted). Consequently, "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor [*sic*] owes no duty to protect or warn the invitee." *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 96 (1992) (citation omitted). The Court must therefore determine whether the dangerous condition of the property—the ice in the parking lot—was open and obvious in a manner that obviated Defendant's duty.

Open and obvious "dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich. at 460–61 (quotation omitted). A danger is open and obvious if "it is reasonable to expect [] an average person with ordinary intelligence" to have discovered the danger "upon casual inspection." *Id.* at 461. The standard is objective, and it "call[s] for an examination of the objective nature of the condition of the premises at issue." *Id.* (internal quotation marks and quotation omitted).

In Michigan, the danger of "black ice conditions [are] open and obvious when there are indicia of a potentially hazardous condition[s], including the specific weather conditions present at the time of the plaintiff's fall." *Janson v. Sajewski Funeral Home, Inc.*, 486 Mich. 934, 935 (2010) (quotation marks and quotation omitted). Thus, when a plaintiff slips and falls on black ice "in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening," the danger of black ice is

5

open and obvious. *Id.* Such "wintry conditions by their nature would [] alert[] an average user of ordinary intelligence to discover the danger upon casual inspection." *Id.* And if a "condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger." *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 611 (1995) (emphasis omitted). Indeed, "a plaintiff may not recover if the hazardous condition is so common that the possibility of its presence is anticipated by prudent persons." *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 694 (2012) (cleaned up) (holding that "clear" ice on a patio was an open and obvious danger because a reasonably prudent person would have anticipated the danger of ice even without seeing it).

The Michigan Supreme Court has carved two exceptions from the open and obvious danger doctrine: "when the danger is unreasonably dangerous or when the danger is effectively unavoidable." *Hoffner*, 492 Mich. at 463 (emphasis omitted). If either exception is present, then "an open and obvious hazard could give rise to liability." *Id.*

Here, the black ice in the parking lot was a dangerous hazard to any person who used the parking lot. But there is no genuine issue of material fact that the danger posed by the ice in the parking lot was open and obvious. Two facts support this conclusion.

First, Plaintiff was on notice of the danger of ice in the parking lot. Plaintiff has resided in Michigan since October 2005. ECF 21-1, PgID 163; ECF 24, PgID 276.

6

She thus knows that Michigan commonly endures hazardous winter weather in January. And Plaintiff knew it had precipitated the morning of January 25, 2021. ECF 21-2, PgID 191 ("It was a little wet . . . I just know that at times throughout the day I did have [on] my windshield wipers."). Moreover, the temperature on January 25, 2021 never rose above freezing. *See* ECF 21-3, PgID 231. A reasonably prudent and long-time Michigan resident would have anticipated hazardous ice in January after seeing precipitation on the morning of a day in which the temperature never rose above freezing. Indeed, the hazard of ice in Michigan in January is "so common that the possibility of its presence is anticipated by prudent persons." *Buhalis*, 296 Mich. App. at 695; *see Est. of Trueblood v. P&G Apartments, LLC*, 327 Mich. App. 275, 287 (2019). Because a reasonably prudent Michigan resident would have foreseen the hazard of ice, the danger was open and obvious.

Second, Plaintiff admitted that the ice was visible. She stated that she was talking to someone on the phone when she exited her car and that she did not look at the ground until after she fell. ECF 21-2, PgID 191. But she inspected the ground "as [she] was trying to get up" and saw "black pavement, ice." *Id.* The spot of ice was "a bigger spot of ice than an eight and a half shoe." *Id.* Given the visibility of the ice on the ground, Plaintiff should have been aware of the hazardous conditions of the parking lot. *See Hoffner*, 492 Mich. at 461 ("[I]t is reasonable to expect [that] an average person with ordinary intelligence" would have discovered the ice on the ground "upon casual inspection.") (quotation omitted). Because the ice was visible to Plaintiff as soon as she looked downward, it was an open and obvious danger.

7

In sum, because of Plaintiff's experience living in Michigan, the precipitation the morning of her fall, the below-freezing temperatures all day, and the ready visibility of the ice, there is no genuine issue of material fact that the ice was an open and obvious danger. Moreover, neither of the exceptions to the open and obvious doctrine apply here. *Id.* at 463. The Court will discuss each exception in turn.

### A. *Unreasonably Dangerous Exception*

A hazard is "unreasonably dangerous if it presents an extremely high risk of severe harm to an invitee in circumstances where there is no sensible reason for such an inordinate risk of severe harm to be presented." *Id.* at 462 (cleaned up). Neither party contended that the ice in the parking lot created an "unreasonably dangerous" condition. *See* ECF 21; 24; 26. And no evidence suggests that the state of the parking lot "was so unreasonably dangerous that it would create a risk of death or severe injury." *Joyce v. Rubin*, 249 Mich. App. 231, 243 (2002). The Court will thus pass over the first exception as inapplicable.

### B. *Effectively Unavoidable Exception*

"[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard." *Hoffner*, 492 Mich. at 469. "A hazard cannot truly be unavoidable, or even effectively so in situations in which a person has a choice whether to confront" the hazard. *Id.* (alterations omitted). "If a[] [person] could have avoided the condition through the use of due care under the circumstances, then the condition [i]s not effectively unavoidable." *Est. of Livings*, 507 Mich. at 347–48 (holding that because "[Plaintiff]

8

presented evidence that snow and ice covered *the entire* parking lot . . . [i]t is undisputed that [Plaintiff] confronted the snow and ice") (emphasis added).

Plaintiff testified that she saw "[b]lack pavement [and] ice" when she looked at the ground. ECF 21-2, PgID 191. She recalled that the ice covered "a bigger spot than an eight and a half shoe," but she could not recall if it covered an area greater than two eight and a half shoes. *Id.* Nor did she remember whether she could have stepped over the ice. *Id.* Plaintiff testified, however, that "[t]here was another ice spot that I slid on again near the door . . . to the right of the door . . . maybe ten—six, seven feet, maybe." *Id.* at 192. Plaintiff's deposition thus confirms that there were at least two patches of ice in the parking lot. And Plaintiff argued that her "affidavit and deposition testimony reflect that there were multiple patches of ice between [P]laintiff's vehicle and the front door of Defendant's store." ECF 24, PgID 287.

But for a hazard to be "effectively unavoidable," it must be true that "an employee could [not] have avoided the condition through the use of due care under the circumstances." *Est. of Livings*, 507 Mich. at 347–48. Plaintiff's affidavit, deposition, and response brief all show that there were patches of ice, but none of them suggest that the parking lot was entirely covered in ice. Thus, the ice was avoidable through due care, and Plaintiff was not "compelled to confront [the] dangerous hazard" of ice. *Id.* Because the ice was avoidable, the second exception to the open and obvious doctrine is inapplicable.

In all, the Court will grant the motion for summary judgment because the danger of ice was open and obvious and neither of the exceptions applies. The Court

will also deny as moot Defendant's motion to strike or preclude Plaintiff from presenting expert testimony, ECF 20, and Plaintiff's motion to adjourn the scheduling order dates, ECF 22.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Target Corporation's motion for summary judgment [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Target Corporation's motion to strike or preclude Plaintiff from presenting expert testimony [20] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Yvette Franklin's motion to adjourn the scheduling order dates [22] is **DENIED AS MOOT**.

This is the final order that closes the case.

**SO ORDERED.**

                              s/ Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge

Dated:

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 15, 2023, by electronic and/or ordinary mail.

                              s/ David P. Parker
                              Case Manager